Sylvester HUGGINS, Movant,

v.

**STATE of Missouri, Respondent.**

**No. 58528.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Brian N. Brown, St. Louis, for movant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals from the denial of his pro se Rule 29.15 motion for post conviction relief after an evidentiary hearing. Motion court did not consider movant's amended motion because it was untimely filed and unverified. Facts regarding movant's trial and sentencing are reported in *State v. Huggins*, 715 S.W.2d 23 (Mo.App. 1986). Movant presents two points on appeal. Taken with the case is movant's motion to remand for a new evidentiary hearing due to the unavailability of the transcript. We affirm in part and remand in part.

First, movant alleges we should remand this cause to the motion court for a new evidentiary hearing because the transcript of the evidentiary hearing cannot be produced. This point is identical to the pending motion. Thus, we address and dispose of the point and motion simultaneously.

A transcript of the evidentiary hearing is necessary for our review of "whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). A sworn statement from the official court reporter indicates the failure to produce a transcript does not stem from fault, lack of diligence or negligence of the movant. *See State v. Borden*, 605 S.W.2d 88, 91–92 (Mo. banc 1980); *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974). Movant has established he is prejudiced by the absence of his hearing transcript in that without it he is unable to bear his burden of proving that the findings of the motion court are clearly erroneous. *Jackson*, 514 S.W.2d at 533.

The state argues for the first time on appeal that remanding this case back to the motion court for a hearing on movant's pro se motion would be a useless act because the pro se motion failed to raise any claims warranting an evidentiary hearing. This argument fails because our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). This appeal follows an evidentiary hearing. We cannot address issues which were not brought before and ruled on by the motion court where the motion alleges facts not disproven by the record which, if true, would support granting relief. Movant alleged:

(1) "Counsel failed to investigate, inquire of, look for or call the alibi witnesses which could have prove [sic] that I was 3 blocks away from the incident of the shooting when it took place." and,

(2) "Counsel did not visit the scene of the alibi area to find the witnesses which petitioner told him about—."

This may have been insufficient to withstand a dismissal without a hearing. Rule 29.15(i). However, we review after a hearing was allowed without objection to sufficiency of the motion. The efficacy of the pro se motion is a matter for the motion court after remand.

In his second point relied upon, movant alleges this case should be remanded back to the motion court to determine whether the actions or inactions of motion counsel entitle movant to a hearing on the grounds raised in his amended motion. *See Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991). *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991). In *Luleff* and *Sanders* the Supreme Court held failure to file a timely amended motion is not in all cases a complete bar to consideration of movant's claim. However, the Supreme Court did not indicate it was relaxing the verification requirements contained in the rule. Thus, even if the amended motion had been timely filed, movant cannot circumvent the verification requirements of Rule 29.15(f). *Foster v. State,* 809 S.W.2d 863 (Mo.App. 1991). An unverified motion is a nullity and does not invoke the jurisdiction of the motion court. *State v. Vinson,* 800 S.W.2d 444, 447 (Mo. banc 1990). The amended motion in this case was not verified by movant. The motion court properly declined to entertain it.

See also, 817 S.W.2d 535.

Accordingly, we sustain movant's motion to remand the case to the motion court for reconsideration of movant's pro se motion.

PUDLOWSKI, P.J., and GRIMM, J., concur.