William BENTZEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44826.

Missouri Court of Appeals,
Western District.

July 21, 1992.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before: KENNEDY, P.J., and SPINDEN and SMART, JJ.

PER CURIAM.

Movant William Bentzen appeals from the denial of a Rule 27.26 (repealed) motion for post-conviction relief, after an evidentiary hearing.

The case is remanded for a new hearing.

On March 22, 1982, a jury convicted movant of stealing, and he was sentenced by the trial court as a prior offender to a term of six years' imprisonment, to run consecutively to any other sentences. This court affirmed the conviction in *State v. Bentzen*, 648 S.W.2d 182 (Mo.App.1983).

On August 3, 1984, movant filed a *pro se* motion under Rule 27.26, alleging at least

four grounds for relief, including that the jury was unconstitutionally selected and impaneled in violation of § 495.190, RSMo Supp.1983. On February 16, 1988, over four years later, movant's appointed counsel filed a supplemental motion to vacate under Rule 27.26, claiming that the jury was chosen in violation of Missouri law in that the deputy was allowed to excuse jurors as litigated in *"State v. Bynum,*[1]*"* and alleging three instances of ineffective assistance of counsel. The supplemental motion was not signed or verified by movant.

After continuances granted for both sides, the matter was finally brought up for hearing on February 20, 1991, three years after the supplemental motion was filed. It is not clear what evidence was presented on February 20; the reporter for the motion court has filed several affidavits with this court swearing that the notes and recordings for this case have been lost.

The matter was continued for further hearing March 15, 1991. A transcript of that day's events has been found, but did very little to enlighten review. Cross-examination of movant was finished, and the deputy responsible for obtaining veniremen testified. The matter was continued for further hearing on March 21, 1991. At that hearing, movant's trial counsel was to testify. However, we are unable to discern what the testimony was, because, once again, all record of the hearing held March 21 was lost. The docket sheet indicates that the movant presented testimony, the state did not present evidence, and the cause was taken under advisement.

On April 17, 1991, a total of six years and eight months after the original *pro se* motion for post-conviction relief under Rule 27.26 was filed, the court issued its findings of fact and conclusions of law, and overruled the motion.

Movant appeals, and asks that this court remand the matter for rehearing in that the court reporter's inability to provide a transcript denies his right to due process in that appellate review is impossible, and the

motion court erroneously ruled that it was unable to consider the supplemental motion because it was unverified by movant or counsel. The state agrees.

■ It is clear by the many affidavits and requests for extension of time that, despite the best efforts of both parties, the tapes and notes containing two of the three days of movant's evidentiary hearing have been lost and cannot be transcribed. The movant has met his burden for remand; he has made a diligent effort to locate the transcript, and this court cannot properly review the findings of the motion court with only the five pages that are available. *Huggins v. State,* 815 S.W.2d 88, 89 (Mo. App.1991). The matter must be remanded for rehearing.

■ However, there is one matter that we can properly review: the motion court's holding that the supplemental motion could not be considered because it was not verified. This motion was filed under the old post-conviction rule, Rule 27.26. Although its successor, Rule 29.15, does require verification of the amended motion, Rule 29.-15(m) specifically states:

> If sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed.

The amendment of pleadings under Rule 27.26 is controlled by the Rule of Civil Procedure generally. *Rodden v. State,* 795 S.W.2d 393 (Mo. banc 1990). It was not necessary for movant to verify the supplemental motion, and the claims raised therein must be considered upon remand.

The judgment is reversed, and the matter remanded for rehearing.

All concur.

---

**1.** Although the *pro se* motion refers to a Western District opinion, we assume the movant intended the opinion in *State v. Bynum,* 680

S.W.2d 156 (Mo. banc 1984), regarding Cole County venire selection procedures.