

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ANTHONY L. CARROLL, | ) | No. ED101395 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Jimmie M. Edwards |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: April 14, 2015 |
| Respondent. | ) | |

## INTRODUCTION

Anthony Carroll appeals from the trial court's judgment dismissing, without an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. The court found Carroll's motion to be untimely filed. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2005, a jury convicted Carroll of one count of first-degree robbery, in violation of Section 569.020;[1] two counts of forcible sodomy, in violation of section 566.060; three counts of armed criminal action, in violation of section 571.015; one count of first-degree burglary, in violation of section 569.160; and one count of misdemeanor stealing, in violation of section 570.030. The court found Carroll to be a prior offender under section 558.016, and sentenced him to a consecutive term of 160 years' imprisonment. On appeal, we affirmed Carroll's

---

[1] All further statutory references are to R.S.Mo. (2000), as supplemented.

conviction in State v. Carroll, 207 S.W.3d 140 (Mo. App. E.D. 2006), issuing our mandate on December 28, 2006.[2]

Under Rule 29.15(b), Carroll had to file his motion for post-conviction relief within 90 days of the issuance of our mandate affirming his convictions and sentences. The 90-day time period for filing a timely Rule 29.15 motion expired on March 28, 2007. Nearly eight months later, on November 15, 2007, the circuit court received from Carroll an untimely pro se Rule 29.15 motion for post-conviction relief. In October 2010, Carroll's court-appointed counsel filed an amended Rule 29.15 motion alleging Carroll received ineffective assistance of trial counsel. In his amended motion, Carroll also claimed that he timely mailed his original pro se motion on March 15, 2007, and that the motion court timely received that motion on March 19, 2007, however the court lost "the majority of [Carroll]'s motion," so he refiled the motion in November 2007. The State filed a motion to dismiss Carroll's Rule 29.15 motion on the grounds that it was untimely, because the amended motion was filed on November 15, 2007, more than ten months after this Court issued its December 2006 mandate.

No further filings were entered on the record until August 2013, when the court scheduled a "status hearing" for September 6, 2013.[3] On the date of the scheduled status hearing, Carroll filed a reply to the State's motion to dismiss. In his reply, Carroll argued that the court should not dismiss his motion because he timely filed his pro se motion on March 19, 2007, but the court lost this filing. Carroll also alleged that he planned to present evidence that he asked a

---

[2] State v. Carroll, 207 S.W.3d at 141, erroneously states that Carroll was sentenced as a prior and persistent offender. The record reflects, however, that the judge's oral pronouncement and the court's written judgment find Carroll to be a prior offender, but not a persistent offender.

[3] Carroll did not provide this Court with a transcript of the status hearing, asserting that no record was made of the hearing. This Court ordered Carroll to procure an affidavit from the court reporter stating whether the hearing conducted on September 6, 2014 was on the record. Carroll complied by filing an affidavit signed by the official court reporter in Division 19 of the 22nd Judicial Circuit, in which she attested that the hearing on September 6, 2013 "was not on the record."

corrections officer to "notarize his affidavit of indigence . . . on March 15, 2007," that he "presented the motion for mailing and it went out the next day on March 16, 2007," and that "he made many attempts to contact the Public Defender system about his filing."

In addition, Carroll filed six exhibits in support of his response to the State's motion to dismiss. Exhibit 1 is a letter signed by Rick Bailey, a corrections officer. The letter states that Mr. Bailey provided notary services to Carroll on March 15, 2007, by notarizing Carroll's "signature for a court aff[a]davit." Exhibits 2 and 3 are correspondences addressed to Carroll from the United States Post Office. Both correspondences reference a request by Carroll that the Post Office conduct an internal investigation into the status of a "legal document, mailed on March 15, 2007." The second letter, dated June 19, 2009, is drafted by Edith Guinn, of the United States Postal Service's Consumer Affairs Office, and it reads, in relevant part: "I contacted the Civil Courts Office . . . who advised your legal papers were received."[4] Exhibit 4 is a copy of the first page of a Form 40, Motion to Vacate, Set Aside or Correct the Judgment or Sentence. The majority of this Form 40 is either blank or written in an illegible script, however a time stamp at the bottom of the form reads "Received" and is followed on the next line by a partial date stamp that consists of the very top of three letters. Carroll alleges these letters should be read to indicate "MAR," and signify March. No specific day in "MAR" is discernible from the partial stamp. Exhibit 5 is a letter sent to the circuit clerk's office by Carroll. In the letter Carroll inquires about the status of the pro se motion he purportedly mailed in March 2007. Exhibit 6 appears to be a copy of an envelope, with Carroll's return address, that is addressed to the Missouri State Public Defender's Office. The envelope contains several August 2007 date stamps, as well as "Return to Sender" messages stamped and scrawled upon it.

---

[4] In his response to the motion to dismiss, Carroll concedes that Ms. Guinn may have been referring to the clerk receiving "the second form 40 dated November 15, 2007."

On September 19, 2013, the motion court dismissed Carroll's motion, without an evidentiary hearing. In its order, the court found that "[Carroll]'s motion was filed out of time." Carroll now appeals.

## STANDARD OF REVIEW

"Appellate review of a judgment entered under Rule 29.15 'is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.'" Price v. State, 422 S.W.3d 292, 294 (Mo. banc 2014) (quoting Moore v. State, 328 S.W.3d 700, 702 (Mo. banc 2010)). The findings and conclusions of a motion court are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. Price, 422 S.W.3d at 294. We review issues of law de novo, without deference to the motion court. Deck v. State, 68 S.W.3d 418, 425 (Mo. banc 2002).

## DISCUSSION

In his sole point, Carroll contends the court erred in dismissing his Rule 29.15 motion as untimely without conducting an evidentiary hearing. The State responds that Carroll's motion fails to "allege facts that, if true, prove that his pro se motion was either timely filed or excusably late." We disagree with the State. Carroll's motion sufficiently alleges facts that, if true, would support the conclusion that his pro se motion was timely filed. However, Carroll never had an opportunity to prove those allegations during an evidentiary hearing.

> In a motion filed pursuant to Rule 29.15, the movant must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing. The movant also must allege facts establishing that the motion is timely filed. The movant then must prove his allegations. Rule 29.15(i); Rule 24.035(i) ("The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence."). In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules. The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and

4

proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012) (citations omitted).

Here, the State conceded at oral argument that if Carroll filed his motion with the court on March 19, 2007, the pro se motion would have been timely filed. The State argues, however, that Carroll's allegations do not sufficiently "allege facts that, if true, proved" he timely filed his Rule 29.15 motion. This argument ignores the plain reading of Carroll's amended petition, in which he expressly alleges he "filled-out, . . . notarized and mailed a pro se Rule 29.15 motion to vacate, set aside or correct judgment [sic] or sentence on March 15, 2007," and "the Circuit Court for the City of St. Louis received the document on March 19, 2007. . . ." Moreover, in Carroll's response to the State's motion to dismiss, he further alleged that he would testify that he "presented the motion to the prison for mailing and it went out the next day on March 16, 2007," and he attached several exhibits in support, explaining these exhibits supported his contention that he received notice that his pro se motion was timely filed "with a received stamp [from the court] of March 19, 2007."[5] Thus, Carroll sufficiently alleged facts that, assuming they are true, would prove he timely mailed his original Rule 29.15 on March 15, 2007, and that it was timely received by the court on March 19, 2007.

The State contends that Carroll's allegations are insufficient by focusing on Carroll's allegation that the court "lost the majority of [his] pro-se motion." The State contends that Carroll cannot "demonstrate" that the motion court "misfiled (or lost) an otherwise timely pro se

---

[5] In his response to the State's motion to dismiss, Carroll explains he is offering attached exhibits in support of his allegations, but ultimately his testimony is required to explain the relevance of certain exhibits. For example, he points to Exhibit 4, the Form 40 with a partial date stamp as a document offered to prove he filed his pro se motion in March 2007, and goes on to state that he "has always maintained that the Circuit Clerk of the City of St. Louis lost the majority of his original motion. . . . Only [he] can explain this document."

5

motion on March 19, 2007," by pointing to deficiencies in the allegations and the exhibits, and asserting that Carroll has failed to specifically allege that the circuit clerk, or anyone in the clerk's office, would confirm receipt of the motion, or that anyone in the office or anything in the circuit clerk's file would confirm that most of the motion was lost after receipt by the court. During oral argument, the State expounded on this argument by citing to Morrow v. State, 21 S.W.3d 819 (Mo. banc 2000), and contending that Morrow requires Carroll to clearly identify and list the witnesses who will testify that the court received his timely filed motion, or that it lost the motion. The State, however, misinterprets Morrow's applicability to the issues here.

In Morrow, the Missouri Supreme Court addressed a movant's claim of ineffective assistance of trial counsel based on allegations that defense counsel failed to investigate and call witnesses to testify to certain mitigating factors. Id. at 823. The court in Morrow recognized that in Missouri, "[t]o obtain a hearing based on counsel's failure to investigate, [a movant] must specifically identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify." Id. at 823 (citing State v. Brooks, 960 S.W.2d 479, 497 (Mo. banc 1997)). Citing this rule, the court in Morrow observed that the movant did not allege whether any of the witnesses he identified in his motion were available to testify, whether any of them would have testified if they had been called to do so, nor did the movant "connect a specific portion of [movant]'s narrative to a particular witness." Id. at 823. Consequently, the court concluded "[i]t is impossible . . . to determine whether any of the individual witnesses would have provided mitigating evidence through their testimony," and, therefore, the motion did not state facts "demonstrating ineffective assistance of counsel." Id. at 823-824. Here, unlike Morrow, Carroll is claiming that he timely filed his original pro se motion. He is not alleging that his counsel was

6

ineffective for failing to investigate and call witnesses. Therefore, the holding in <u>Morrow</u> is entirely inapposite.

Moreover, Carroll does not need to allege or prove that the circuit court lost or misplaced his motion to be entitled to an evidentiary hearing. Rather, this Court is concerned only with whether Carroll, who was incarcerated at the time, sufficiently alleged that he timely *filed* his original pro se motion. <u>See</u> Rule 29.15(g); <u>Spells v. State</u>, 213 S.W.3d 700, 701-02 (Mo. App. W.D. 2007) (determining timeliness of motion based upon when motion was stamped received by circuit court).

Significantly, Carroll was incarcerated at the time he alleged he timely mailed his original pro se motion. We recognize that an incarcerated person seeking post-conviction relief must prepare and file his or her motion only "with such help as he can obtain within the prison walls or the prison system." <u>Nicholson v. State</u>, 151 S.W.3d 369, 371 n.1 (Mo. banc 2004) (quoting <u>Johnson v. Avery</u>, 393 U.S. 483, 488 (1969)). "'The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take . . . to ensure that the court clerk receives and stamps their notices of appeal before the . . . deadline.'" <u>Spells</u>, 213 S.W.3d at 701-02 (quoting <u>Houston v. Lack</u>, 487 U.S. 266-270-71 (1988)). As a practical matter, we acknowledge here that Carroll could not allege with personal knowledge that he filed his original pro se motion, nor allege what happened to the motion after it was received by the circuit court. Given the circumstances, it is enough that he alleged he timely submitted for mailing his original pro se motion for post-conviction relief, and that it was timely received by the circuit court. Therefore, Carroll's motion sufficiently alleged that he timely filed his original pro se motion, and he was entitled to an evidentiary hearing to prove these allegations. To rule otherwise would unduly limit the ability of an incarcerated movant to

7

challenge a motion that is dismissed as untimely if the circuit court lost or misplaced the original pro se motion filed by the movant.

The State acknowledges that Carroll did not receive a "full evidentiary hearing," by arguing: "the question is whether the motion court clearly erred in denying [Carroll]'s claim that his motion was timely filed—not based solely on [Carroll]'s allegations, but based on the evidence presented and the alleged testimony that [Carroll] *would have offered if the trial court had granted a full evidentiary hearing*." (emphasis added).

In making this argument, the State would have this Court rely on evidence submitted off the record during the September 6, 2013 "status hearing," in lieu of a "full evidentiary hearing." However, there is no transcript in the record of this "status hearing," and Carroll has submitted an affidavit from the court reporter verifying that this hearing "was not on the record." Rule 29.15(j) requires that any hearing in which the court considers evidence must be on the record. "Where no record of the proceedings complained of is furnished there is nothing for the appellate court to decide." Jackson v. State, 514 S.W.2d 532, 534 (Mo. 1974) (quoting Garrett v. State, 486 S.W.2d 272, 274 (Mo. 1972)).[6] Regardless, in light of the State's concession that this "status hearing" was not a "full evidentiary hearing," we conclude that Carroll has not yet received a hearing on his motion, as required by Rule 29.15. See Dorris, 360 S.W.3d at 270.

---

[6] Normally, it is the responsibility of the appellant to prepare and file with the appellate court the transcript of the hearing. Rule 81.12; State v. Borden, 605 S.W.2d 88, 91 (Mo. banc 1980). Failure to do so "results in a presumption that its contents were favorable to the judgment entered, and not favorable to movant." Ludwig v. State, 771 S.W.2d 373, 374 (Mo. App. S.D. 1989) (citing Wykle v. Colombo, 457 S.W.2d 695, 700 (Mo. 1970)). If no transcript is provided, "[r]eversal and retrial will not be required unless the appellant exercises due diligence to supply the omission or correct the defect and establishes prejudice as a result of inability to present a complete record." Borden, 605 S.W.2d at 92. In the context of a post-conviction motion, however, a sworn statement from the official court reporter that no record was made indicates that the failure to produce a transcript to this Court does not stem from a lack of due diligence on the part of the movant. See Huggins v. State, 815 S.W.2d 88, 89 (Mo. App. E.D. 1991). Here, because Carroll submitted an affidavit from the official court reporter verifying no record was made, he has established a presumption that the failure to produce a record does not stem from any fault, lack of diligence or negligence on his part, and also established prejudice caused by the absence of the transcript, because without it he is unable to prove the motion court's findings are clearly erroneous. Id.

8

Finally, the State also argues that the court's determination was based, in part, on what Carroll "would have" testified to at an evidentiary hearing. When a movant alleges sufficient facts to be entitled to an evidentiary hearing under Rule 29.15, courts may not dismiss the motion based on what the witness "would have" testified to at the hearing. See State v. Ivy, 869 S.W.2d 297, 301 (Mo. App. E.D. 1994) (finding the factual allegations were sufficient to support an evidentiary hearing, and the court could not dismiss based on a credibility assessment of what the witness allegedly would have testified to without first hearing the testimony and observing the witnesses' demeanor). Here, because the motion court did not grant a full evidentiary hearing, Carroll did not have a full opportunity to prove his allegations. Accordingly, the trial court erred in dismissing Carroll's motion without conducting an evidentiary hearing on the record. Point granted.

## CONCLUSION

The judgment in this case is reversed and the case is remanded for additional proceedings consistent with this opinion.

_____
Lisa S. Van Amburg, Judge

Lawrence E. Mooney, P. J. and
Clifford H. Ahrens, J. concur.