

# In the Missouri Court of Appeals
## Eastern District

DIVISION THREE

| | | |
|---|---|---|
| AARON D. SUMMERS, | ) | No. ED110896 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | Cause No. 2111-CC00560 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Daniel G. Pelikan |
| | ) | |
| Respondent. | ) | Filed: May 23, 2023 |

## Introduction

Aaron D. Summers ("Movant") appeals from the motion court's judgment denying his motion under Rule 29.15[1] for post-conviction relief as untimely without an evidentiary hearing. The State agrees an evidentiary hearing is merited in this case. Both Movant and the State request reversal, which we grant.

## Background

A jury found Movant guilty of one count of first-degree assault of a law enforcement officer, one count of resisting arrest, and one count of fourth-degree assault of a law enforcement officer. Movant appealed the judgment entered upon his convictions, and this Court issued its mandate affirming the judgment on March 18, 2021.

---

[1] All rule references are to Mo. R. Civ. P. 2019, unless otherwise indicated.

Rule 29.15(b) required that Movant file his pro se motion for post-conviction relief by June 16, 2021. His pro se motion shows it was notarized on June 10, 2021. The circuit clerk file stamped Movant's pro se motion on June 30, 2021. The clerk scanned an image of the envelope containing Movant's pro se motion, which also shows a file stamp dated June 30, 2021, but the postmark is not visible.

The motion court appointed counsel for Movant on July 19, 2021, and on September 10, 2021, the motion court granted counsel a 30-day extension for filing an amended Rule 29.15 motion. On October 19, 2021, one day after the amended motion was due, the motion court granted a second 30-day extension. On November 17, 2021, Movant's counsel filed an amended motion along with a request that the motion court deem the amended motion timely due to counsel's failure to recognize that the second extension was granted one day late, constituting abandonment by counsel pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991).

Movant's amended motion further noted that Movant's pro se motion was untimely filed on June 30, 2019, but asked the motion court to consider it timely pursuant to Rule 29.15(b), which requires that the motion be placed in the mail by the due date. Movant alleged that he placed his pro se motion in the mail the same day it was notarized, June 10, 2019. He alleged that, upon learning of the untimely filing and lack of a legible postmark on the scanned copy of the envelope, his counsel contacted the circuit clerk to determine whether the physical copy of the envelope was available, and it was not.

The motion court heard argument[2] from both parties regarding the timeliness of Movant's motion. Thereafter, the court issued an order finding that Movant was abandoned

[2] The motion court's order also states that it heard evidence, but both parties note in their briefs that they did not submit evidence to the motion court on the issue of the timeliness of Movant's pro se motion, and there

2

and it would consider Movant's amended motion as timely filed.  In the same order, the court dismissed Movant's 29.15 motion on the basis that his pro se motion was untimely filed.  This appeal follows.

## Standard of Review

Our review of the motion court's denial of Movant's rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court were "clearly erroneous."  Price v. State, 422 S.W.3d 292, 294 (Mo. banc 2014).  "Findings and conclusions are clearly erroneous if, after reviewing the entire record, the court is left with a definite and firm impression that a mistake has been made."  Id. (quoting Moss v. State, 10 S.W.3d 508, 511 (Mo. banc 2000)).

A motion court must hold a hearing when (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant.  Teer v. State, 198 S.W.3d 667, 669 (Mo. App. E.D. 2006) (citing Morrow v. State, 21 S.W.3d 819, 822-23 (Mo. banc 2000)).  To deny a 29.15 motion for post-conviction relief without an evidentiary hearing, the motion court must conclude that the movant's allegations were conclusively refuted by the record.  Rule 29.15(h).

## Discussion

Movant raises two points on appeal, the first of which is dispositive.[3]  Movant argues the motion court erred in dismissing his motion as untimely without an evidentiary

---

was no evidentiary hearing.  There is no transcript of the arguments that took place before the motion court, and the motion court's order makes no mention of any specific evidence apart from an affidavit from Movant's counsel addressing the issue of abandonment as it relates to Movant's amended motion.  Thus, despite the language of the motion court's order, we treat the motion court's order here as a dismissal without an evidentiary hearing.

[3] Movant argues in his second point that the motion court erred in failing to issue findings of fact and conclusions of law.  Due to our reversal and remand on Point I, we deny Point II as moot.

hearing. The State also argues that the motion court erred in failing to hold an evidentiary hearing regarding the timeliness of Movant's pro se Rule 29.15 motion under the circumstances here. We agree.

In addition to alleging and proving facts that would entitle Movant to relief on the merits of his motion under Rule 29.15, Movant must also allege and prove by a preponderance of the evidence that his motion is timely filed. Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012). The motion is timely filed if it "is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion." Rule 29.15(b). Additionally, "[a] legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of the filing of the motion." Rule 29.15(b).

Here, the scanned copy of the envelope in the motion court's file does not contain a legible postmark. Movant had his pro se motion notarized on June 10, 2021, 6 days prior to the filing deadline. He alleged in his amended motion that he placed his pro se motion in the mail the same day it was notarized, but the circuit clerk did not file stamp the motion until June 30, 2021. He alleged that if granted an evidentiary hearing, he would testify that he has been incarcerated since September 19, 2019, and that he placed his pro se motion in his housing unit's outgoing mail on June 10, 2021. He also alleged he would testify that the mail is picked up once per day, and after he placed his pro se motion in the outgoing mail, it was out of his control. He would also testify that he did not receive notice of any issues with the mail, and his pro se motion was never returned to him. Movant further alleged he would call an investigator with the Missouri State Public Defender as a witness, who would testify that she contacted the circuit clerk's office to inquire about the envelope,

4

and she was informed the physical copy of the envelope was not preserved. Finally, Movant alleged he would call an employee of the circuit clerk's office to testify regarding procedures for receiving mail and preserving envelopes for post-conviction motions.

We note that "an incarcerated person seeking post-conviction relief must prepare and file his or her motion only 'with such help as he can obtain within the prison walls or the prison system.'" Carroll v. State, 461 S.W.3d 43, 49 (Mo. App. E.D. 2015) (quoting Nicholson v. State, 151 S.W.3d 369, 371 n.1 (Mo. banc 2004)). "Such prisoners cannot take the steps other litigants can take . . . to ensure that the court clerk receives and stamps their notices of appeal before the . . . deadline." Id. (internal quotation and citations omitted). Here, Movant alleged the date he placed his motion in the mail, which, if properly postmarked, would constitute prima facie evidence of timely filing. He cannot allege with personal knowledge what happened to the motion after he left it in the outgoing mail of his housing unit, but he has also identified witnesses he would call who can provide more information regarding both the circuit clerk's procedures and the circumstances of his particular filing.

We find that Movant's allegations, if true, would establish that he timely filed his original pro se motion, and the record does not conclusively refute Movant's allegations. The motion court erred in dismissing his pro se motion as untimely without an evidentiary hearing on that issue.[4] Point granted.

---

[4] Movant further argues that we must treat his pro se motion as timely due to the circuit clerk's failure to retain a copy of envelope such that the postmark is legible. Rule 29.15(c) requires the circuit clerk to "file stamp the motion on the date it is received and retain in the court file the envelope in which the motion was sent." However, the rule does not provide that failure to retain the envelope automatically results in deeming a motion timely filed. Movant relies on Kirk v. State, 590 S.W.3d 897 (Mo. App. W.D. 2019), in which the appellate court treated a pro se motion as timely where the file stamp was two days after the motion's due date, the mailing was at the height of the Christmas season, the envelope was not retained, motions were not typically file-stamped until the day after receipt, and the incarcerated movant testified she placed the motion in the prison's outgoing mail 15 days earlier. However, all of this evidence came during an evidentiary

5

<u>Conclusion</u>

We reverse the motion court's dismissal of Movant's motion and remand for an evidentiary hearing on the timeliness of Movant's pro se motion for post-conviction relief.

_____
Gary M. Gaertner, Jr., P.J.

John P. Torbitzky, J., and
Cristian M. Stevens, J., concur.

---

hearing conducted by the motion court. Movant must present evidence here in order for the court to determine under the circumstances of Movant's particular case whether the preponderance of the evidence establishes that his pro se motion was timely. <u>See</u> <u>Dorris v. State</u>, 360 S.W.3d 260, 267 (Mo. banc 2012).