Andre MORROW, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 82009.

Supreme Court of Missouri,
En Banc.

June 13, 2000.

As Modified Aug. 1, 2000.

William J. Swift, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

ANN K. COVINGTON, Judge.

Andre Morrow, appellant, was convicted of murder in the first degree, section 565.020. RSMo 1994, for the murder of John Koprowski; one count of robbery in the first degree, section 569.020, RSMo 1994; one count of robbery in the second degree, section 569.030, RSMo 1994; two counts of armed criminal action, section 571.015, RSMo 1994; and two counts of felony stealing, section 570.030, RSMo 1994. The trial court sentenced appellant to death and ordered him to serve a total of 170 years plus life for the other offenses. This Court affirmed appellant's conviction and sentence. *State v. Morrow*, 968 S.W.2d 100 (Mo. banc 1998). Appellant filed a Rule 29.15 motion for post-conviction relief, which the motion court denied without an evidentiary hearing. Affirmed.

## I.

Appellant appeals the motion court's denial of his motion for post-conviction relief without an evidentiary hearing. The motion court denied a hearing after making thorough findings of fact and conclusions of law based upon appellant's post-conviction motion. This Court will uphold the findings and conclusions of the motion court unless they are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995).

An evidentiary hearing is not required where "the motion and the files and records of the case conclusively show that movant is entitled to no relief." Rule 29.15(h). As distinguished from other civil pleadings, courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief. *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997). Appellant is entitled to an evidentiary hearing only if his motion meets three require-

ments: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice. *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997). To obtain an evidentiary hearing for claims related to the ineffective assistance of counsel, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was thereby prejudiced. *Id., citing Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Williams v. Taylor,* —— U.S. ——, ——–——, 120 S.Ct. 1495, 1511–12, 146 L.Ed.2d 389 (2000). To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Carter,* 955 S.W.2d 548, 554 (Mo. banc 1997).

## II.

Appellant contends that the motion court clearly erred in denying without an evidentiary hearing his claim that trial counsel were ineffective in failing to investigate certain allegedly mitigating factors about appellant's life. Appellant provided the motion court with a narrative of appellant's "biographical background" in which appellant described incidents of physical abuse and violence that he claimed to have experienced throughout his life. He asserted that trial counsel should have investigated and presented this biographical information to the jury as mitigation evidence in the penalty phase. Appellant then listed as "evidentiary support" the names and, in some cases, addresses, of twenty-four individuals, two of whom were "to be named later." Appellant also listed five sets of records. He repeated this

general format in presenting two additional claims, one in which he focuses on instances of childhood trauma and another where he emphasizes the prevalence of violence in his neighborhood. Appellant asserts on appeal that the failure to investigate and present this allegedly mitigating evidence violated his "rights to due process, to be free from cruel and unusual punishment, a full and fair determination of his claims, and the opportunity to prove his claims that counsel was ineffective, as guaranteed by the 6th, 8th, and 14th Amendments to the United States Constitution and article I, [section] 10, 18, and 21 of the Missouri Constitution."[1]

Under the performance prong in *Strickland,* trial counsel is ineffective only if appellant shows that counsel's representation "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. To obtain a hearing based on counsel's failure to investigate, appellant must specifically identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify. *State v. Jones,* 979 S.W.2d 171, 186–87 (Mo. banc 1998).

Appellant's Rule 29.15 motion did not allege sufficient facts to meet the standards described in *State v. Jones* and *Strickland.* Appellant did not allege that any listed witness was available to testify or that the witness would have testified if he or she had been called to do so. Appellant did not connect a specific portion of appellant's narrative to a particular witness. It is impossible, therefore, to determine whether any of the individual witnesses would have provided mitigating evidence through their testimony. *See Leisure v. State,* 828 S.W.2d 872, 878 (Mo. banc 1992). Appellant's motion, therefore,

---

1. Appellant lists various constitutional provisions in his points relied on throughout the appeal without denoting any argument in support. This Court addresses only those issues asserted within the argument portions of the points.

did not state facts demonstrating ineffective assistance of counsel. *Jones,* 979 S.W.2d at 187.

▮ Appellant's pleading was deficient in other respects. To obtain an evidentiary hearing on the claim, a movant must also allege that he provided trial counsel with pertinent and sufficient information regarding how to contact potential witnesses, or that such information was readily available. *Jones v. State,* 767 S.W.2d 41, 43–44 (Mo. banc 1989). This is because counsel's actions are generally based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. Appellant's motion did not allege that he provided trial counsel with names or other information that reasonable counsel could have used to discover the facts and witnesses listed in appellant's motion. Appellant did not allege that a reasonably competent attorney, in the course of a reasonable investigation, should have discovered the facts and witnesses listed in appellant's motion. *State v. Kreutzer,* 928 S.W.2d 854, 876–77 (Mo. banc 1996). His pleading does not reflect that the extent of trial counsel's investigation in this case was unreasonable, considering "all the circumstances" and "applying a heavy measure of deference" to counsel's decision. *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052. Appellant did not allege, nor is it apparent from the record, that the facts trial counsel allegedly failed to discover were readily available. *Cf. Williams,* —— U.S. at ——, 120 S.Ct. 1495, 1501.

Appellant claims that the pleadings contained sufficient allegations because, in the forty page "biographical background" narrative, he occasionally attributed certain facts to named individuals. Examples include sentences beginning "According to James...," "According to Albert ...," and "Mark revealed...." Such attributions, however, appear rarely, and are insufficient to overcome appellant's defective motion. More importantly, even assuming the scant attributions were sufficient, appellant failed to allege whether the witnesses were available to testify, would have testified if available, and whether trial counsel was informed of their existence. *See State v. Jones,* 979 S.W.2d at 186–87.

▮ In sum, pleading requirements are not merely technicalities. The purpose of a Rule 29.15 motion is to provide the motion court with allegations sufficient to enable the court to decide whether relief is warranted. *See White,* 939 S.W.2d at 896–97. Where the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the *Strickland* standard for ineffective assistance of counsel. The motion court did not clearly err.

▮ In a related claim, appellant asserts that trial counsel were ineffective for failing to provide appellant's penalty phase experts, Drs. Cuneo and Murphy, or another expert, with information regarding appellant's disadvantaged childhood. As a consequence, appellant asserts, the experts were not able to provide an evaluation of appellant's childhood that may have explained his criminal conduct.

The motion court correctly found that the record refuted appellant's claim. Trial counsel provided Drs. Cuneo and Murphy, both clinical psychologists, with police reports and school, hospital, and prison records. Trial counsel then asked the experts to review the records and find "any mitigating circumstances that may be involved if this did go to death penalty hearing." On appeal, appellant does not identify what additional information trial counsel should have provided to the experts, nor does he assert what conclusions the experts would have reached based on any additional information. Absent such allegations, appellant has not met his burden to show that the motion court clearly erred in denying a hearing based on the finding that the record refuted appellant's claim. *See State v. Smith,* 944 S.W.2d 901, 923 (Mo. banc 1997).

Appellant asks this Court to consider four additional affidavits presented to the motion court in the form of a "Motion for Reconsideration," nearly eight months after filing the amended motion, and after the judgment was entered. Appellant later essentially withdrew the motion. The motion for reconsideration, in addition, was not properly before the motion court and is not properly before this Court. *Brooks,* 960 S.W.2d at 498–99.

### III.

Appellant contends that he was entitled to an evidentiary hearing on his claim that trial counsel were ineffective because they failed to investigate appellant's assertion that the St. Louis County prosecutor sought the death penalty for racially discriminatory reasons. Appellant's trial counsel filed a pre-trial motion to preclude the prosecutor from seeking the death penalty because of the prosecutor's alleged racial motivation. The trial court overruled the motion. Appellant contends that trial counsel should have investigated and alleged additional facts in support of the motion. Appellant claims that trial counsel should have offered a comparison of six other cases involving African American defendants tried in St. Louis County, as well as the racial demographics of the county areas involved in those cases. Appellant suggests that an inference can be made regarding the prosecutor's conduct in this case based upon the six other cases. Appellant also cites the state's refusal to negotiate a plea offer as evidence of the prosecutor's racial motivation in seeking the death penalty. Appellant claims that the denial of a hearing deprived him of his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and article I, sections 2, 10, 18, and 21 of the Missouri Constitution.

The motion court found that appellant did not present any facts that warrant relief because appellant failed to prove dis-crimination in his own case and because "[t]he historical and statistical examples do not show purposeful discrimination." The motion court also found that the lack of a plea offer was not evidence of purposeful discrimination in view of the particular facts in this case, including appellant's confession to a series of thefts and robberies over a three-day period that culminated in the murder of John Koprowski, as well as the murder of Roamel Abercrombie. *See id.* at 499–500; *Morrow,* 968 S.W.2d at 104–05.

The motion court's findings are supported by the record. To show that the prosecutor sought the death penalty for racially discriminatory reasons, appellant must have pleaded facts that, if true, would prove that the prosecutor's decision to seek the death penalty had a discriminatory effect on appellant and that the decision in this case was motivated by a discriminatory purpose. *Brooks,* 960 S.W.2d at 499. Appellant failed to allege facts that demonstrate that the prosecutor's decision to seek the death penalty in appellant's case was based on anything other than the strength of the case. *See id.* at 499–500. The motion court did not clearly err in denying an evidentiary hearing.

### IV.

Appellant asserts that the motion court clearly erred when it denied, without an evidentiary hearing, appellant's claim that trial counsel were ineffective for failing adequately to prepare Dr. Daniel Cuneo, a clinical psychologist who testified on appellant's behalf during the penalty phase. Appellant contends that trial counsel did not adequately prepare Dr. Cuneo in that counsel failed (1) to provide Dr. Cuneo with information regarding appellant's drug use from sources other than appellant himself and (2) to prepare Dr. Cuneo to address on cross-examination certain records of the department of corrections.[2] Appellant claims the insufficient

2. Appellant raises in his brief the additional    claim that counsel should have provided Dr.

preparation violated his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and article I, sections 10, 18, and 21 of the Missouri Constitution.

The motion court correctly found that appellant's claims were refuted by the record. With respect to appellant's drug use, the trial record reflects that counsel provided Dr. Cuneo with several sources of information including police reports, as well as school, hospital, and prison records. Dr. Cuneo testified that he interviewed appellant's mother twice. The motion court, with these records before it, found that trial counsel provided Dr. Cuneo with information regarding appellant's drug use. On appeal, appellant does not dispute the basis of the motion court's finding, nor did he suggest in his post-conviction motion what additional sources of information trial counsel could have provided to Dr. Cuneo regarding appellant's drug use.

With regard to the records of the department of corrections, appellant's claim rests on the assumption that trial counsel failed to provide the relevant records to Dr. Cuneo. The trial record reflects, however, that Dr. Cuneo received and reviewed the records. *See also Morrow,* 968 S.W.2d at 116. The motion court did not clearly err in denying without an evidentiary hearing appellant's claims.

### V.

Appellant alleges that the motion court clearly erred in denying an evidentiary hearing on his claim that appellate counsel was ineffective in not appealing the trial court's ruling that the state need not disclose certain arrest records. Appellant had requested records of arrests not resulting in convictions of two state witnesses, Everlida Abercrombie and Dontae Charles, as well as another of appellant's victims, Roamel Abercrombie. Appellant claims that the records could have been used in a manner that would have affected appellant's trial, and that appellate counsel's failure to raise the claim violated his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and article I, sections 10, 18, and 21 of the Missouri Constitution.

To be entitled to an evidentiary hearing, appellant must demonstrate that appellate counsel's failure to raise a particular issue on appeal (1) did not conform to "the degree of skill, care and diligence of a reasonably competent attorney" and (2) that appellant was thereby prejudiced. *Carter,* 955 S.W.2d at 554. To show that he was prejudiced, appellant must first demonstrate that the records of arrests not resulting in convictions could have been used in a manner that would affect appellant's case. Generally, one may not attempt to impeach a witness' credibility with evidence of an arrest, investigation, or criminal charge that has not resulted in a conviction. *State v. Wolfe,* 13 S.W.3d 248, 258 (Mo. banc 2000). Evidence of an arrest not resulting in a conviction can be used only to demonstrate (1) a specific interest of the witness, (2) the witness's motivation to testify favorably for the state, or (3) that the witness testified with the expectation of leniency. *Id.*

Appellant's claim rests on the premises that (1) the arrest records exist and (2) trial counsel could have used the arrest records to show the jury that the murder of Roamel Abercrombie was the result of a spoiled drug deal, thereby discrediting the explanation offered by Everlida Abercrombie and Dontae Charles that Roamel Abercrombie was as an innocent victim. The premises of appellant's claim are incorrect. First, appellant did not plead that the records exist. Second, none of the exceptions set forth in *Wolfe* applies. Appellant, therefore, could have not have used the arrest records to discredit wit-

---

Cuneo with appellant's audiotaped confession and his videotaped reenactment of the crime.

This claim was not preserved for review.

ness testimony. Counsel cannot be deemed ineffective for failing to make or preserve a non-meritorious claim. *Kreutzer,* 928 S.W.2d at 869. The motion court did not clearly err in denying appellant's claim without an evidentiary hearing.

## VI.

Appellant contends that the motion court should have granted an evidentiary hearing to determine whether trial counsel were ineffective because of three issues related to voir dire. Appellant asserts that trial counsel's voir dire violated appellant's rights under the Sixth. Eighth, and Fourteenth Amendments to the United States Constitution and article I, sections 10, 18, and 21 of the Missouri Constitution.

First, appellant contends that counsel were ineffective for failing to strike, either for cause or by peremptory challenge, a venireperson who was employed at the Brentwood YMCA, the location where appellant murdered John Koprowski. Appellant acknowledges that the venireperson served merely as an alternate juror but alleges prejudice on the ground that the alternate juror may have influenced other jurors during the sequestered proceedings. The motion court found that this assertion was "mere speculation and unsupported by any facts." Appellant contends that additional factual support could have been developed if a hearing had been granted.

Appellant's contention lacks merit. The purpose of an evidentiary hearing is to determine whether the facts alleged in the motion are accurate, not to provide appellant with an opportunity to produce new facts. *White,* 939 S.W.2d at 904.

Second, appellant contends that trial counsel were ineffective for failing to make gender—*Batson* objections based on the fact that the state used nine of its eleven peremptory strikes to remove females. Appellant fails to assert he was prejudiced. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The motion court found that appellant could not demonstrate prejudice because to claim that a female, if selected for the jury, would vote for life in prison is "to engage, at best, in mere speculation and, at worst, in the stereotyping that *Batson* and its progeny strive to prevent." *See State v. Loazia,* 829 S.W.2d 558, 570 (Mo.App.1992). The wisdom of the motion court's finding speaks for itself.

Third, appellant contends that trial counsel were ineffective because they failed to ask venirepersons whether they could consider evidence of mitigation during the penalty phase if they learned during the guilt phase that there were separate murder charges pending against appellant for the death of Roamel Abercrombie.

The motion court correctly found that appellant's claim was refuted by the record. Although trial counsel did not directly connect their questions about the pending murder charges and the venirepersons' ability to consider evidence of mitigation, trial counsel did ask each question during voir dire. The record reflects that trial counsel asked whether evidence regarding pending charges relating to the murder of Roamel Abercrombie would affect the jury's ability to consider second degree murder for the death of John Koprowski. Trial counsel also asked each small group panel of venirepersons whether, if the trial reached the penalty phase, they could consider evidence of mitigation. The failure to combine these inquiries into one question does not amount to ineffective assistance of counsel. Again, appellant's contention rests upon speculation. There is no basis upon which to conclude that, had the questions been combined, a juror would have responded that he or she could not consider evidence of mitigation in view of the murder of Roamel Abercrombie. *See Malady v. State,* 748 S.W.2d 69, 71–2 (Mo.App.1988). The motion court did not clearly err.

## VII.

■ Appellant asserts that the motion court clearly erred when it denied without an evidentiary hearing appellant's claim that Missouri's administration of capital punishment violates the Eighth and Fourteenth Amendments to the United States Constitution and article I, sections 10 and 21 of the Missouri Constitution. Appellant's motion challenged lethal injection as a constitutional method of execution. He alleged that the procedures by which the state of Missouri injects chemicals into the body are so flawed that the prisoner may not be executed humanely and that the procedures do not take precautions against any of the numerous ways in which death by lethal injection can be incompetently administered.

In support of his assertions, appellant cites nine instances of allegedly flawed executions by lethal injection in other jurisdictions, from 1985 through 1994, as reported in newspapers in those various jurisdictions. He also points to the execution, in Missouri, of Emmett Foster in 1995. He alleges that the execution of Foster took approximately thirty minutes and that Foster may have convulsed at some point during the process. Appellant claims that there are no assurances that future executions will be humane and constitutional.

Appellant's claim fails. To be entitled to an evidentiary hearing, appellant must have alleged, at a minimum, facts that tend to show that there is a problem of administration of the death penalty by lethal injection that is likely to occur again in Missouri. Appellant cannot meet his burden simply by claiming that there are no assurances that future executions will be humane and constitutional and citing to examples from other jurisdictions in support. The motion court did not clearly err when it denied without an evidentiary hearing appellant's claim that Missouri's administration of capital punishment is unconstitutional.

## VIII.

Appellant alleges that the motion court clearly erred in denying appellant's claim that Rule 29.15 is unconstitutional as applied in this case. Appellant claims in addition that the rule creates a risk of arbitrary and capricious imposition of a death sentence in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and article I, sections 10, 18, and 21 of the Missouri Constitution.

In denying appellant's claim, the motion court simply followed this Court's precedent commencing with *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), and reiterated in numerous cases thereafter, *see, e.g., State v. Simmons*, 955 S.W.2d 729, 745 (Mo. banc 1997), holding that the time requirements of Rule 29.15 are constitutional. The motion court did not clearly err.

## IX.

■ Appellant alleges that the motion court clearly erred in denying an evidentiary hearing on appellant's claim that he was denied his rights under the Eighth and Fourteenth Amendments to the United States Constitution and article I, sections 10 and 21 of the Missouri Constitution because the penalty phase instructions fail properly to guide the jury. Appellant claims that the motion court should have conducted an evidentiary hearing so as to allow appellant to prove his counsel's ineffectiveness by presenting evidence to establish that jurors do not understand the penalty phase instructions. He asserts that the penalty phase instructions preclude the jury from giving adequate consideration to mitigating circumstance evidence. He faults the instructions because they (1) require the jury to decide whether death is warranted before considering mitigating evidence, (2) fail to guide the jury regarding non-statutory mitigating circumstances, and (3) are confusing on the question of whether the jury must unanimously

agree that a mitigating factor exists before considering the factor.

■ This Court first notes that appellant's claim, although couched in terms of a claim of ineffective assistance of counsel, is actually an attack on the constitutionality of the penalty phase instructions, presumably in an attempt to circumvent the well-established law that holds that claims of instructional error are matters for direct appeal. *Brooks,* 960 S.W.2d at 500. As such, the claim does not deserve review. Even assuming, *arguendo,* that the claim of ineffective assistance of counsel is cognizable, the claim would be for naught because counsel cannot be deemed ineffective for failure to present a non-meritorious claim. *Kreutzer,* 928 S.W.2d at 869. In this case, counsel would not have prevailed on the claim even had they presented it. It is proper for the trial court to submit MAI instructions to the exclusion of non-MAI instructions. *State v. Kinder,* 942 S.W.2d 313, 339 (Mo. banc 1996). The MAI penalty phase instructions have withstood numerous challenges to their constitutionality. *See id.* at 333. The motion court, therefore, did not clearly err by denying without an evidentiary hearing appellant's claim that he was denied effective assistance of counsel on the ground that the penalty phase jury instructions failed properly to guide the jury. Nor did the motion court clearly err by denying without an evidentiary hearing appellant's claim on the other constitutional grounds asserted; as noted above, claims of instructional error are matters for direct appeal and are not cognizable under Rule 29.15. *Brooks,* 960 S.W.2d at 500.

### X.

Pursuant to Rule 29.07, the trial court examined appellant after sentencing. In that proceeding, appellant made no allegations that his counsel were ineffective. The trial court found that there was no probable cause to believe that appellant received ineffective assistance of counsel. Appellant now claims that the motion court clearly erred in denying an evidentiary hearing on his claim that the trial court's Rule 29.07 examination of him violated his right to effective conflict-free counsel and other rights in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and article I, sections 10, 18, 19, and 21 of the Missouri Constitution.

Appellant's argument is based upon the assertion that the motion court improperly relied on appellant's responses during the Rule 29.07 proceeding to refute appellant's claim of ineffective assistance of counsel for failing to present mitigating evidence. This Court has not considered the statements made by appellant in the Rule 29.07 proceeding in reviewing appellant's appeal. It is not necessary, therefore, to address appellant's point.[3]

### XI.

■ Appellant alleges that the motion court clearly erred when it denied his claim that this Court fails to perform meaningful proportionality review in violation of the Eighth and Fourteenth Amendments to the United States Constitution and article I, sections 10 and 21 of the Missouri Constitution. Appellant relies on the decisions of two federal district courts, *Wilkins v. Bowersox,* 933 F.Supp. 1496, 1524–26 (W.D.Mo.1996), and *Harris ex rel. Ramseyer v. Blodgett,* 853 F.Supp. 1239, 1290–91 (W.D.Wash.1994). Appellant's claim is without merit. *Wilkins* is distinguishable on its facts. *See Morrow,* 968 S.W.2d at 118–19. *Harris ex rel. Ramseyer* interpreted Washington law, and is not controlling precedent before this Court. Proportionality review is not constitutionally mandated, *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), and both the Eighth Circuit and this Court have repeatedly reviewed and rejected

---

**3.** This Court has consistently upheld the constitutionality of Rule 29.07 proceedings.

*State v. Roll,* 942 S.W.2d 370, 379 (Mo. banc 1997).

claims identical to those made by appellant. *See, e.g., Tokar v. Bowersox,* 198 F.3d 1039, 1052 (8th Cir.1999); *State v. Rousan,* 961 S.W.2d 831, 854–55 (Mo. banc 1998).

## XII.

The judgment is affirmed.

All concur.