

# In the
# Missouri Court of Appeals
## Western District

BRANDON ROBERTS, )
)
     Appellant, ) WD79082
)
v. ) OPINION FILED:  October 25, 2016
)
STATE OF MISSOURI, )
)
     Respondent. )

**Appeal from the Circuit Court of Buchanan County, Missouri**
The Honorable Daniel F. Kellogg, Judge

Before Division Four:  Mark D. Pfeiffer, Chief Judge, Presiding, Victor C. Howard, Judge and Gary D. Witt, Judge

Brandon Roberts ("Roberts") was convicted after trial of one count of felony[1] stealing by deceit, section 570.030,[2] and sentenced as a prior and persistent offender to eight years in prison.  Roberts now appeals the denial, after an evidentiary hearing, of his Rule 29.15 amended motion for post-conviction relief by the Circuit Court of Buchanan

---

[1] The Missouri Supreme Court handed down on August 23, 2016 a decision in *State v. Bazell*, --- S.W.3d ----, 2016 WL 4444392 (Mo. banc Aug. 23, 2016).  In *Bazell*, the Supreme Court held that based on the language of the statute there is no felony enhancement for stealing by deceit, and it can only be charged as a misdemeanor.  This issue is not directly relevant to Roberts's appeal, is not before the court, and will not be addressed.

[2] All statutory references are to RSMo 2000 cumulative as currently supplemented, unless otherwise noted.

County. As relevant to his appeal, Roberts argued in his post-conviction motion that his trial counsel was ineffective for failing to investigate exculpatory evidence. We affirm.

## Factual Background[3]

### A.    Trial

Roberts was charged and tried for one count of stealing, section 570.030, arising out of his unlawful receipt of certain benefits from the Missouri Department of Social Services, Family Support Division (the "Department"). On August 23, 2010, Roberts completed and submitted an application for benefits with Melissa Smolke ("Smolke"), eligibility specialist with the Department. Based on the information provided, Roberts was deemed eligible to receive food stamps, temporary assistance, Medicaid, and child care for his daughter.

As part of the application process, Smolke reviewed with Roberts his responsibilities, listed in a packet provided to him, which noted Roberts was required by law to report any changes to address, income or employment, household members, or resources within ten days of any change. Smolke discussed with Roberts that it is illegal to receive benefits to which he is not entitled and that any false claim, statement, or concealment of a material fact could subject him to criminal liability. In addition, in order to be eligible to continue to receive benefits, Roberts had to actively reaffirm his application every six months. Roberts signed the application for benefits under penalty of perjury.

---

[3] The facts are recited in a light most favorable to the verdict. *Ferguson v. State*, 325 S.W.3d 400, 404 n.2 (Mo. App. W.D. 2010).

Linda Hayward ("Hayward") was Roberts's Department caseworker. Beginning in October of 2010, Roberts received temporary assistance benefits of $235 per month and food stamp benefits of $339 per month. These funds were transferred to Roberts's Electronic Benefits Transfer (EBT) card issued by the State of Missouri. Roberts received this amount from October of 2010 through February of 2011, except that in February of 2011 his temporary assistance benefit was reduced to $175 due to Roberts's failure to complete required training.

On March 8, 2011, Hayward learned from another member of Roberts's household that Roberts was employed. Hayward sent an employment request to Roberts for him to sign and to give to his employer. The employer sent the form back to Hayward with pay stubs showing that Roberts had been employed from October 1, 2010 to the end of February 2011. It was determined that based on the income Roberts earned during this period that he was not eligible for temporary assistance or food stamps from October 2010 to February 2011. Hayward had not received any notification from Roberts regarding his change in employment status prior to being informed by the third-party in March of 2011, despite the notice given to Roberts when he applied for benefits and three subsequent letters sent to him on September 22, 2010, October 20, 2010, and January 11, 2011, reminding him that he must report any changes in employment within ten days of the change.

At trial, Roberts did not testify or present any evidence. He was convicted of stealing by deceit through the making of false representations to the Department that he was unemployed so that he could obtain benefits, to which he was not entitled, in the form of payments in excess of $500. Roberts was sentenced as a prior and persistent offender

3

to eight years imprisonment to be served consecutively to any other sentences he was serving. This Court affirmed Roberts's conviction in *State v. Roberts*, 450 S.W.3d 793 (Mo. App. W.D. 2014).

**B.      Post-Conviction Proceedings**

Roberts timely filed his Rule 29.15 motion for post-conviction relief that was subsequently amended by counsel. As relevant to his appeal, Roberts claimed that his trial counsel provided ineffective assistance for failing to adequately investigate his case. Specifically, Roberts claimed that trial counsel failed to investigate (1) whether Roberts actually reported a household of six rather than a household of two, (2) whether funds were deposited on Roberts's EBT card or his girlfriend's card, and (3) whether Roberts's employment verification form was misfiled in his girlfriend's file at the Department.

An evidentiary hearing was conducted at which Roberts's trial counsel testified. Roberts provided his own testimony through a deposition. The motion court denied Roberts's claim that trial counsel was ineffective for failing to investigate his case. The motion court found credible the testimony of trial counsel and found not credible Roberts's testimony. This appeal follows.

## Standard of Review

This Court will affirm the judgment of the motion court unless its findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made. The motion court's findings are presumed correct. Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence." Rule 29.15(f).

*Christian v. State*, 455 S.W.3d 523, 525–26 (Mo. App. W.D. 2015).

4

**Analysis**

In his sole point on appeal, Roberts argues that the motion court erred in denying his Rule 29.15 motion for post-conviction relief because he established at the evidentiary hearing that trial counsel provided ineffective assistance by failing to investigate exculpatory evidence, including (1) whether Roberts actually reported a household of six rather than a household of two, (2) whether funds were deposited on Roberts's EBT card or his girlfriend's card, and (3) whether Roberts's employment verification form was misfiled in his girlfriend's file at the Department.

In order to establish ineffective assistance of counsel to warrant post-conviction relief, the movant must satisfy the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Woods v. State*, 458 S.W.3d 352, 356 (Mo. App. W.D. 2014). First, the movant must show that counsel's performance was deficient by falling below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. If counsel's performance was deficient, the movant must then prove that he was prejudiced by counsel's deficiency. *Id*. at 687. Prejudice occurs when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*. There is a strong presumption that counsel's conduct was reasonable and effective. *Id*. at 689. To overcome this presumption, the movant must point to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of effective assistance. *Id*. at 690.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Prince v. State*, 390 S.W.3d 225, 231 (Mo. App. W.D. 2013) (quoting *Strickland*, 466 U.S. at 691).

> In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing.

*Id*. at 231-32 (internal quotations and citations omitted). "Investigation need only be adequate under the circumstances" and "[w]hen counsel knows generally the facts that support a potential defense, 'the need for further investigation may be considerably diminished or eliminated altogether.'" *Williams v. State*, 490 S.W.3d 398, 404 (Mo. App. W.D. 2016) (quoting *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987)).

"To prevail on a claim of ineffective assistance of counsel for failure to investigate, a movant is required to allege what information plea counsel failed to discover, that a reasonable investigation would have resulted in the discovery of such information, and the information would have aided and improved the defense." *Prince*, 390 S.W.3d. at 233 (quoting *Bliss v. State*, 367 S.W.3d 190, 195 (Mo. App. S.D. 2012)).

Roberts claims in his post-conviction motion that he made three specific requests to his trial counsel regarding issues to investigate. In his deposition reviewed by the motion court, Roberts first claimed he was never able to tell his trial counsel what defenses he believed should be investigated. Subsequently in direct examination, Roberts then claimed that he indeed had made specific requests regarding defenses he thought should be

6

investigated. The motion court found that Roberts was not credible. This Court defers to the motion court on matters of witness credibility. *Wills v. State*, 321 S.W.3d 375, 380 (Mo. App. W.D. 2010). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Id.* (quoting *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010)).

Regarding Roberts's claim that he had requested that trial counsel investigate whether he had reported a household size of six rather than two to the Department, trial counsel could not recall whether this issue was ever brought to his attention. The motion court, as explained above, found that Roberts was not credible and found that there was no other evidence whatsoever that household size was anything other than two. Evidence at trial was that Roberts was receiving assistance based on a household size of two. Accordingly, Roberts has not shown that a reasonable investigation would have discovered the information that Roberts has alleged and he is not entitled to relief. *Prince*, 390 S.W.3d. at 233.

In addition, unstated anywhere in either his post-conviction motion or in briefing before the Court is the relevance of this information to the charges against him. We infer, although it is not argued, the import of this evidence would be that Roberts did in fact qualify for the benefits he received despite his having earned an income in the relevant period. Again, we are only left to speculate because the argument is never actually articulated. Additionally, there was no evidence or testimony whatsoever that Roberts could have reported a household of six, given he was not married to his girlfriend and the

7

evidence at trial was that she was receiving her own benefits from the Department. Nor was there evidence presented that had Roberts reported a household size of six that it would have had any bearing whatsoever on his conviction. This Court will not divine arguments on Roberts's behalf. Roberts, therefore, has also not alleged how this information he claims should have been investigated would have aided in his defense, and his claim must fail. *See Prince*, 390 S.W.3d. at 233.

Second, Roberts argues that trial counsel failed to investigate whether the money Roberts received from the Department was actually placed on his girlfriend's EBT card rather than his own. Trial counsel testified that he reviewed discovery in the case and that it showed the funds had been deposited onto Roberts's EBT card. Roberts also told his trial counsel that he believed his girlfriend was using *his* EBT card. Given that the evidence in discovery showed and his own client admitted to him that he did in fact receive the benefits from the Department, Roberts has not shown that a reasonable investigation would have discovered the information that Roberts has alleged, and he is not entitled to relief. *Prince*, 390 S.W.3d. at 233. In addition, trial counsel chose not to pursue the issue of who used Roberts's EBT card as a matter of strategy, as it was his judgment that Roberts's ceding the use of his EBT card to his girlfriend could have exposed Roberts to additional criminal liability. Trial counsel's decision not to pursue this issue was made after a thorough investigation of the law and facts and is virtually unchallengeable. *See McIntosh v. State*, 413 S.W.3d 320, 324 (Mo. banc 2013).

Finally, Roberts argues that trial counsel was ineffective for failing to investigate whether the Department had misfiled his employment verification form in his girlfriend's

8

file. Roberts told trial counsel he had provided some form to his employer and it was his belief the employer would change his employment status with the Department. Trial counsel testified that he investigated this issue with Roberts's employer, and the employer found no such form in Roberts's employment file. Trial counsel's investigator attempted to contact a number of employees identified by Roberts who may have had information, but trial counsel did not recall whether he was ever successful in contacting them. Trial counsel was, however, able to interview the human resources manager for Roberts's employer, who stated she was not able to find any such form in Roberts's human resources file. Contrary to Roberts's claim, trial counsel did actually conduct a reasonable investigation into this potential defense but was unable to discover information helpful to the defense. Roberts's claim that trial counsel failed to investigate this potential defense is without merit.

The point is denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
Gary D. Witt, Judge

All concur

9