Giovanni **BARCELONA**, Appellant,

v.

**STATE** of Missouri, Respondent.

WD 79781

Missouri Court of Appeals,
Western District.

OPINION FILED: July 25, 2017

Susan L. Hogan, Kansas City, MO, for appellant.

Richard A. Starnes, Jefferson City, MO, for respondent.

Before Division One: Gary D. Witt, Presiding Judge, Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Gary D. Witt, Judge

Giovanni Barcelona ("Barcelona") appeals the motion court's denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief ("Amended Motion") by the Circuit Court of Lafayette County. Barcelona was convicted after a jury trial of class D felony of unlawful use of drug paraphernalia, class D felony of failure to appear, and misdemeanor offenses of operating a vehicle without a valid license and making a false police report. On direct appeal, this Court reversed in part, finding that the evidence was insufficient to support a conviction for felony possession of drug paraphernalia and that conviction and sentence were reversed. *State v. Barcelona*, 463 S.W.3d 442 (Mo. App. W.D. 2015). The court affirmed the remaining convictions and sentences. *Id.* In his Amended Motion, as relevant to this appeal, Barcelona claimed his trial counsel was ineffective for failing to investigate information pertaining to an ankle injury that could have established a defense to the failure to appear charge. The two misdemeanor convictions and sentences are not a subject of this appeal. On appeal, Barcelona argues the motion court erred in denying his Amended Motion without granting an evidentiary hearing. We affirm.

**Factual Background**

Barcelona was convicted following a jury trial of the class D felony of unlawful use

of drug paraphernalia, class D felony of failure to appear, and misdemeanor offenses of operating a vehicle without a valid license and making a false police report. These charges arise from Deputies Dean Koch ("Deputy Koch") and Darren McFatrich ("Deputy McFatrich") being dispatched to a home in Odessa, Missouri in response to a call from a homeowner. Barcelona, who was being held by the homeowner at gunpoint, identified himself to the deputies as Jerry Hill and claimed that he ended up on the homeowner's property because he had gotten lost on his way to Topeka, Kansas after dropping a female off in Kansas City, Missouri. The deputies pointed out that he was traveling the wrong way from Kansas City to end up in Topeka. The deputies led Barcelona to I-70 and directed him toward Topeka, Kansas.

Shortly thereafter Barcelona exited I-70 onto north Highway D in Bates City, Missouri for no apparent reason heading in a direction where there were no amenities or stores. Deputy Koch initiated a traffic stop and, with Barcelona's permission, searched the vehicle. Deputy Koch found a backpack in the backseat which contained syringes and a spoon with residue and a cotton ball rolled up in the center, as well as paperwork with Barcelona's true identity.

Barcelona posted bond on April 17, 2012 and a hearing was set for his motion to suppress ("Motion Hearing") on June 18, 2012. On June 18, 2012, Barcelona failed to appear at the Motion Hearing. Barcelona's counsel [1] informed the court that Barcelona had broken his ankle, developed an infection, and was in the hospital, but acknowledged that she had not verified the information. The court advised counsel that Barcelona had until noon on June 19, 2012, to appear before the court otherwise a warrant would be issued. Barcelona faxed hospital "Discharge Instructions" to

---

1. Barcelona changed counsel between his    failure to appear and the trial of this matter.

the court, addressed to counsel, on June 18, 2012, at approximately 9:55 p.m. On June 19, 2012, Barcelona failed to appear and a warrant for his arrest was ordered. Barcelona again failed to appear on July 16, 2012, for the Motion Hearing. The warrant was served on September 20, 2012. Following a hearing his motion to suppress was denied and the matter proceeded to jury trial on all counts.

On direct appeal, this Court reversed the conviction and sentence on the charge of unlawful use of drug paraphernalia and affirmed Barcelona's remaining convictions. *State v. Barcelona*, 463 S.W.3d 442 (Mo. App. W.D. 2015). On October 6, 2015, Barcelona filed a timely motion for post-conviction relief. The public defender's office was appointed to represent Barcelona and filed an Amended Motion. As relevant to this appeal, Barcelona claimed in his Amended Motion that trial counsel was ineffective for failing to investigate information pertaining to his ankle injury that could have established a defense to the failure to appear charge. On March 7, 2016, his Amended Motion was denied without an evidentiary hearing.

**Standard of Review**

This Court will affirm the judgment of the motion court unless its findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made. The motion court's findings are presumed correct. Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence." Rule 29.15(f).

*Roberts v. State*, 502 S.W.3d 734, 737 (Mo. App. W.D. 2016) (quoting *Christian v.*

*State*, 455 S.W.3d 523, 525-26 (Mo. App. W.D. 2015)).

**Analysis**

■ In his sole point on appeal, Barcelona argues the motion court erred in denying his Amended Motion, without an evidentiary hearing, in that he pleaded facts, not conclusions, which are not refuted by the record, and that, if proved, would warrant relief.

■ Barcelona is entitled to an evidentiary hearing only if his motion meets the three requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movants." *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997) (quoting *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993)). Where the motion, files, and records of a case conclusively show that the movant is not entitled to relief, the motion court is not required to hold an evidentiary hearing. *Nicklasson v. State*, 105 S.W.3d 482, 486 (Mo. 2003). Courts will not draw factual inferences or implications from bare conclusions or from a prayer for relief. *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. 2000) (quoting *White v. State*, 939 S.W. 2d 887, 893 (Mo. banc 1997)).

In his motion, Barcelona argued, *inter alia*, that his trial counsel's representation was ineffective because he "failed to investigate information that could have established a defense to the charge of failure to appear."[2] In its judgment, the motion court found that the movant failed to show he was prejudiced and that this claim was refuted by the record.

**2.** Barcelona alleges ineffective counsel due trial counsel's alleged failure to investigate information pertaining to his alleged hospital-

ization and broken ankle and made no effort to obtain medical records to support a claim

There are multiple defects in Barcelona's Amended Motion that support the motion court's decision to reject the motion without an evidentiary hearing. First, Barcelona's claim asserts that trial counsel was ineffective for failing to investigate information that could have established a defense to the failure to appear charge. However, Barcelona did not provide any specific facts establishing that his injury rendered him physically unable to appear in court.

■ Barcelona failed to plead facts, as opposed to conclusions, showing that the medical records or an investigation would have provided a viable defense to the failure to appear charge. Barcelona alleged that he faxed medical records to the court on June 18, 2012, showing confirmation that he broke his ankle on or around June 16, 2012. Additionally, Barcelona alleged that he would produce medical records to show his injury at an evidentiary hearing, and that his counsel at the time of the warrant as well as his trial counsel, and Barcelona would all testify regarding the circumstances surrounding his failure to appear charge and his injury. These allegations are conclusions, not facts because the proposed evidence would only have shown that Barcelona had an injury around the time of the court date that was missed. The Amended Motion failed to explain how this ankle injury would have prevented him from appearing in court. Notably, Barcelona's amended motion does not allege that his medical records would have established his inability to appear for the June 18, 2012 court hearing. Instead, he alleges that his trial counsel failed to investigate "whether [his medical] records would support a defense that Mr. Barcelona was physically unable ... to attend court on June 18, 2012." Counsel's simple

failure to investigate a particular matter does not establish ineffective assistance, however, without a showing that a proper investigation would have produced helpful information. *Barton v. State*, 432 S.W.3d 741, 759-60 (Mo. banc 2014); *Rutlin v. State*, 435 S.W.3d 126, 131-32 (Mo. App. E.D. 2014). Because he did not allege facts about how this injury would have required his absence, the motion court lacked the factual basis to determine whether or not the alleged facts would warrant an evidentiary hearing.

■ The Missouri Supreme Court has made clear that an "appellant must specifically identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify" in order to be entitled to an evidentiary hearing. *Morrow v. State*, 21 S.W.3d 819, 824 (Mo. 2000) (citing *State v. Jones*, 979 S.W.2d 171, 186-87 (Mo. banc 1998)). "As distinguished from other civil pleadings, courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief." *Id.* at 822. (internal citations omitted). In *Morrow*, the Appellant sought post-conviction relief and was denied his motion without an evidentiary hearing. *Id.* Appellant asserted, *inter alia*, that his trial counsel was ineffective for failing to investigate alleged mitigating factors regarding his background and potential witnesses. *Id.* at 823. Appellant provided a narrative of his "biological background," including incidents that occurred throughout his life and "evidentiary support" of twenty-four potential witnesses. *Id.* at 823. The Missouri Supreme Court concluded that the motion court did not err because Appellant failed to allege sufficient facts[3] and, therefore, it would be impossible to determine whether any of

---

that Barcelona was physically unable to appear before the court on June 18, 2012.

**3.** The Missouri Supreme Court concluded in *Morrow,* that Appellant did not allege in his

the witnesses would have provided mitigating evidence through testimony. The case on appeal before us is similar to *Morrow*, because Barcelona failed to allege that medical records or documents were available which would establish that he was medically unable to appear in court. Additionally, if these records were available, Barcelona did not allege that trial counsel was informed of their existence. Because Barcelona did not allege facts, but merely conclusions, it is impossible to determine whether any of the medical records would have provided a defense to the failure to appear charge.

Second, Barcelona's allegations are refuted by the record. Barcelona alleged that this claim is not refuted by the record, because he provided ample evidence that he "attempted to provide proof of his injury and inability to travel, contemporaneously with the date that he failed to appear." Barcelona did fax "Discharge Instructions" to the court,[4] but these records showed only that Barcelona was discharged from the hospital on June 16, 2012. Barcelona's claim is refuted by the record because he failed to provide proof of any inability to travel or other restrictions, preventing his appearance at the hearing set by the court on June 18, 2012, or the remaining months he remained at-large before the warrant was served on him.

Finally, Barcelona alleged that he was prejudiced because "a reasonable probability exists that the result of the trial would have been different if [trial] counsel had investigated and presented such evidence to the jury." Specifically, Barcelona alleged that "a reasonable probability exists that the jury would have found Barcelona not guilty, in that he was not able to purposely miss court on June 18, 2012" if trial counsel had obtained his medical records and presented them as evidence. To demonstrate prejudice, Barcelona must have alleged facts showing a reasonable probability exists, but due to counsel's ineffective performance, the result of the proceeding would have been different. *Ringo v. State*, 120 S.W.3d 743, 745 (Mo. banc 2003).

While the result of the trial *could* have been different if a viable defense to the failure to appear charge existed, to demonstrate prejudice, Barcelona must have identified specific facts upon which the court could have relied. Although he faults counsel for failing to investigate his injury and failing to locate medical evidence to support his claim that he was medically unable to be present in court, he fails to identify what this evidence would have been. Additionally, Barcelona does not allege that counsel was made aware of the existence of this evidence. Because Barcelona did not properly allege facts establishing a reasonable probability exists that a jury would have reached a different result on the charge of failure to appear and that it was a result of trial counsel's error, he cannot establish prejudice.

motion sufficient facts, including whether his listed witnesses were available or would have testified, that he did not connect specific portions of his narrative to particular witnesses, and whether he provided counsel with the names and information pertaining to the alleged witnesses or whether the information was readily available to his counsel. *Morrow*, 21 S.W.3d at 823-24.

4. The records show that Barcelona faxed "Discharge Instructions" from a hospital in

Topeka, Kansas on June 18, 2012, at 9:55 p.m. However, the fax was addressed to counsel and not to the court. The court did not file stamp the fax but it was filed in the court file. The court stated that he did not know if the court actually *received* the fax by the required deadline of noon on June 19, 2012, because it was addressed to counsel rather than the court. This fax was admitted into evidence and considered by the jury.

## Conclusion

The judgment of the motion court, denying Barcelona's Amended Motion for post-conviction relief, without an evidentiary hearing, is hereby affirmed.

All concur